Reese, J.
delivered the opinion of the court.
This is an attachment bill filed by the complainant, who is the accommodation endorser upon a bill of exchange drawn by G. C. Newman and R. I. Componer upon a house in New Orleans in favor of A. D. Bourne, and upon which the defendant is a prior accommodation endorser. The complainant has not taken up the bill. It is in the hands of Morgan, Allison & Co. duly protested for non-payment. The bill alleges, that Newman, the prior accommodation endorser, was at the time of its being filed, attempting to abscond and take with him his property beyond the jurisdiction of the court and the limits of the State. The bill is intended to be based on the 8th section of the act of 1836, ch. 43. That section provides, that “-where any person has or shall become bound as accommodation endorser or security, and his principal. is about to remove or is removing or absconding and carrying off his property beyond the limits of this State, the provisions of this act shall apply; and upon affidavit being made to the bill, an attachment shall issue, at the suit of said endorser or security, whether the debt for which he is security be due or not.” His honor the Chancellor was of opinion, that this section did not embrace parties standing in the relation of the complainant and defendant, and dismissed the bill. We are of opinion that his judgment is correct. The endorsers of the bill of exchange in this case, according to the allegations of the complainant, are all accommodation endorsers, but the accommodation was not for each other, but for the drawers or acceptors: it was for the benefit of the latter that the endorsers placed their names upon the paper: they conferred no benefit upon, created no accommodation for, each other. As to *330 all of them, the drawers and acceptors were principals, within the meaning of the act? and it is against such principals that the act confers the remedy in question. In whatever sense such endorsers may be held to stand towards each other, in the relation of surety and principal, according to the sequence of their names in point of place upon the paper, we think it is clear that they do not stand towards each other in that relation, within the sense and meaning of the statutory remedy. That remedy we cannot carry beyond the fair meaning of the terms used by the legislature. If the complainant, indeed, had taken up the bill, he would have been entitled to his attachment bill, not by virtue of the 8th section, but as creditor by virtue of the previous sections.
We are of opinion that the decree must be affirmed.